FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR 3 0 2019

RICK WARREN
COURT CLERK
41_____

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

KARI KUYKENDALL,

    Plaintiff,

v.

LEADER
COMMUNICATIONS, INC.,

    Defendant.

Case No. CJ-2019-

CJ-2019-2408

## PETITION

**COMES NOW THE PLAINTIFF**, and for her cause of action herein alleges and states as follows:

1. Plaintiff is Kari Kuykendall, an adult resident of Oklahoma County, Oklahoma.

2. Defendant is Leader Communications, Inc., a domestic for-profit business corporation ("Leader Communications") doing business in Oklahoma County, Oklahoma.

### CLAIMS AND VENUE

3. Plaintiff's causes of action are for disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA").

4. Most of the acts described herein occurred in Oklahoma County and venue is proper in this Court.

1

## STATEMENT OF FACTS

5.   Defendant employed fifteen (15) or more employees during each of at least twenty (20) weeks of the current or preceding calendar year and is a covered employer under the ADA.

6.   Plaintiff was an employee of Defendant from approximately January 2, 2018, until April 2, 20018, as a human resources manager.

7.   Plaintiff suffers from emotional-type disorders including anxiety, depression, and post-traumatic stress disorder, as well as being migraine-prone. As a result of these conditions and without regard to ameliorative measures, during flare ups Plaintiff suffers significant impairments in daily life activities and/or major bodily functions, including but not limited to: Light sensitivity, nausea and/or vomiting, intolerableness to loud noises, difficulty focusing on daily tasks, excessive worry, and/or difficulty interacting with others.

8.   As a result of the condition(s) and symptoms outlined above, Plaintiff is a disabled individual as defined by all three prongs of the ADA.

9.   As a result of Plaintiff's medical conditions, Plaintiff sought reasonable accommodations from Defendant during her employment such as time off work when experiencing symptoms.  These were typically granted.

10.   Specifically, during the week of March 26, 2018, Plaintiff experienced a

severe migraine and requested the reasonable accommodation of time off work for the week.

11.   Plaintiff communicated with Defendant throughout the entire week of leave regarding her status and trying to engage in the interactive process.

12.   On Monday, April 2, Plaintiff was contacted by Angela Cole, president of Defendant, and instructed not to return to work until Tuesday, April 3, for a meeting.

13.   Later, Ms. Cole moved the meeting to Monday and instructed Plaintiff to come in on the 2nd.

14.   During the meeting on Monday, April 2, Ms. Cole and Kristina Todd (risk management) terminated Plaintiff's employment for a laundry list of reasons which can be summarized as missing deadlines and not following processes and/or not seeking assistance.

15.   Such reasons are false and pretextual in that the deadlines which were missed were either impossible to meet due to reliance on other employees or were arbitrary and not possible to meet given the volume of work. Moreover, Plaintiff had been seeking assistance from several staff members regarding clarifications and instructions, as needed.

16.   Plaintiff's termination was motivated, at least in part, by her medical

conditions and/or her requests for accommodations.

17.   Defendant's failure to accommodate Plaintiff's requests for a reasonable accommodation related to her disability violated the Americans with Disabilities Act. Further, Defendant's termination was retaliation for Plaintiff exercising her rights under the ADA.

18.   Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination on or around April 19, 2018. The EEOC issued Plaintiff's right to sue letter on February 7, 2019, and Plaintiff received such letter thereafter.  This complaint is timely filed within ninety days of Plaintiff's receipt of the right to sue letter.

19.   As a direct result of the Defendant's conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay) and emotional distress/dignitary harm damages.

20.   Because the actions of Defendant were willful, malicious, or in reckless disregard for Plaintiff's rights under the ADA, Plaintiff is entitled to an award of punitive damages.

## PRAYER

The actual damages under Plaintiff's claims exceeds Ten Thousand Dollars ($10,000.00).

WHEREFORE, Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendant and assess actual, compensatory, punitive, and liquidated damages together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

RESPECTFULLY SUBMITTED THIS 25th DAY OF APRIL 2019.

D. Colby Addison, OBA #32718
Leah M. Roper, OBA # 32107
LAIRD HAMMONS LAIRD, PLLC
1332 S.W. 89th Street
Oklahoma City, OK 73159
Telephone: 405.703.4567
Facsimile:  405.703.4067
E-mail:     colby@lhllaw.com
            leah@lhllaw.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**